UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG - 9 2007

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
) No.
NATHAN D. COOPER, )
)
Defendant. )
)

**4:07CR00462JCH**

## **INFORMATION**

### **COUNT I**

The United States Attorney charges that:

On or about the 14th day of January, 2005, in the Eastern District of Missouri,

### **NATHAN D. COOPER**,

the defendant, did knowingly subscribe and cause to be subscribed as true under penalty of

perjury under Title 28, United States Code, Section 1746, false statements with respect to

material facts in an application and document required by the immigration laws and regulations

prescribed thereunder, and knowingly presented and caused to be presented such application and

document which contained such false statements, said application and document being a Petition

for a Nonimmigrant Worker (Form I-129) seeking issuance of an H2B visa for A__ C__ based on

the statements that Retail Trucking LLC was the employer, that the H2B visa was sought for new

employment, that the employment was seasonal, and that an individual named "Vernon Vercoe"

signed for Retail Trucking, when, as the defendant well knew, all of those statements were false in that Retail Trucking LLC was not an active business, the visa was sought for a driver who worked year round for Pullen Brothers, Inc., and, as a result, the employment was not new or seasonal and "Vernon Vercoe" did not exist.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT II

The United States Attorney further charges that:

On or about the 16th day of April, 2005, in the Eastern District of Missouri,

## NATHAN D. COOPER,

the defendant, in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make false and fraudulent statements and representations in an Application for Alien Employment and Certification (Form ETA-750), seeking labor certification for 110 unnamed aliens, said statements and representations being that Speedy Express LLC was the employer, that the aliens would work from June 20, 2005 to November 15, 2005 and that the employer had attempted to recruit United States workers with no success, when, as the defendant well knew, all of those statements and representations were false and fraudulent in that Speedy Express LLC was not an active business, that certifications were sought for truck driving employment that was year round and not seasonal and Speedy Express LLC made no effort to recruit United States workers.

In violation of Title 18, United States Code, Sections 1001 and 2.

2

## **COUNT III (Forfeiture Allegation)**

The United States Attorney further charges that:

1.    The allegations set forth in Count I of this Information are hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 982(a)(6)(A).

2.  Upon conviction of the offense alleged in Count I of this Information, defendant Nathan D. Cooper, shall forfeit to the United States pursuant to 18 U.S.C. Section 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

3.    MONEY JUDGMENT.  A sum of money equal to $50,000 in United States currency, representing the amount of proceeds obtained directly or indirectly by the defendant as a result of the offense alleged in Count I.

4.    If any of the above-described property, as a result of any act or omission of the defendant,

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred to, sold to, or deposited with a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; and/or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of

3

Case: 4:07-cr-00462-JCH  Doc. #: 1  Filed: 08/09/07  Page: 4 of 4 PageID #: 4

any other property of the defendant up to the value of the property described in paragraph 3, or

elsewhere, as being subject to forfeiture.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

JAMES E. CROWE, JR.  #6674
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

UNITED STATES OF AMERICA )
EASTERN DIVISION ) ss.
EASTERN DISTRICT OF MISSOURI )

I, James E. Crowe, Jr., Assistant United States Attorney for the Eastern District of

Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

JAMES E. CROWE, JR.  #6674

Subscribed and sworn to before me this 12th day of July 2007.

CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK

4